IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **BOWE BELL + HOWELL COMPANY,** | * | |
| **Plaintiff,** | * | |
| v. | * | **CIVIL NO. RDB 04-3418** |
| **ALBERT M. HARRIS., et al.** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**ORDER FOR PRELIMINARY INJUNCTION**</u>

For the reasons stated in the Memorandum Opinion issued this date, in accordance with Rule 65(d) of the Federal Rules of Civil Procedure and the Court having conducted a hearing and having considered the memoranda and arguments submitted by the parties, the Court finds that the Plaintiff Bowe Bell + Howell Company ("BBH") faces an imminent threat of immediate and irreparable injury in the form of irreparable loss of confidential information and trade secrets, and copyright and trademark infringement, unless Defendants are preliminarily enjoined as set forth in this Order. Accordingly, IT IS this 2nd day of December 2004, HEREBY ORDERED:

1. That Plaintiff's Motion for Preliminary Injunction (Paper No. 31) is GRANTED in part and DENIED in part as set forth below;

2. That Plaintiff's motion to enjoin Defendants from reproducing, distributing, displaying, or creating derivatives of the BBH works protected by copyright is GRANTED as to Defendants Document Services Inc. (d/b/a Trans-Print Software Services and Trans-Print Services) ("Trans-Print"), its agents, and Michael Brooks and DENIED as to the

remaining Defendants;

3. That the Plaintiff's motion to enjoin all Defendants from performing software maintenance or other services concerning BBH's copyrighted TransFormer software is GRANTED;

4. That Plaintiff's motion to enjoin all Defendants, and all others in active concert or participation with them, from retaining, using, disclosing, or otherwise misappropriating any of BBH's trade secrets or other confidential or proprietary information is GRANTED;

5. That Plaintiff's request for all Defendants, and all others in active concert or participation with them, to return all BBH material in their possession, including all information concerning or relating in any way to BBH and its respective products, services, software, and customers, including but not limited to source code, internal documents, technical documents, marketing documents, product specifications, testing materials and testing plans is GRANTED;

6. That Plaintiff's motion to enjoin all Defendants from using BBH's TransFormer trademark is GRANTED;

7. That Plaintiff's motion to enjoin all Defendants from soliciting or accepting business relating to the TransFormer software from any customer of BBH is GRANTED; and

8. That Plaintiff's motion to enjoin Defendants Niels Andersen, Jeffrey Leutner, Richard Nestor, and David Meehling from continuing in the employ or ever accepting employment with Trans-Print is DENIED with relief being granted as follows:

  a.  That Defendant Andersen is enjoined from any employment with Trans-Print or any company that competes with BBH for a period of one year from August 5, 2004 to August 5, 2005;

  b.  That Defendant Leutner is enjoined from any employment with Trans-Print or any company that competes with BBH for a period of one year from September 30, 2004 to September 30, 2005; and

  c.  That Defendant Meehling is enjoined from any employment with Trans-Print or any company that competes with BBH for a period of one year from October 15, 2004 to October 15, 2005.

IT IS FURTHER HEREBY ORDERED:

9. That the Plaintiff shall post a bond in the amount of $250,000 within 72 hours of the issuance of this Order;

10. That this Order is effective immediately; and

11. That the Clerk of the Court transmit copies of this Order and accompanying Memorandum Opinion to counsel for both parties.

               /s/  
               Richard D. Bennett  
               United States District Judge