IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOWE BELL + HOWELL COMPANY      *

      Plaintiff,      *

                            Civil Action No.: RDB 04-3418

v.      *

ALBERT M. HARRIS, et. al.      *

      Defendants.      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Pending before the Court is the Motion to Dismiss Counterclaim, filed by Plaintiff Bowe Bell + Howell Company ("BBH").  The party asserting the counterclaim, Defendant Document Services, Inc., d/b/a Trans-Print Software Services and Trans-Print Services ("Trans-Print"), has filed no opposition to BBH's motion.  For the reasons stated below, Plaintiff's Motion to Dismiss Counterclaim will be GRANTED.

## BACKGROUND

The facts of this case are thoroughly described in the Memorandum Opinion issued by this Court on December 2, 2004,granting Plaintiff's motion for preliminary injunction, and those facts will not be recited in full here.  *See* Mem. Opinion, 12/2/04, pp. 2-9.  In that Opinion, the Court found that preliminary injunctive relief was warranted in part because BBH demonstrated a sufficient likelihood of success on the merits of certain claims against Trans-Print.  *See* Mem. Opinion, 12/2/04, pp. 14-24, *aff'd*, No. 04-2539 (4th Cir. May 25, 2005) (unpublished).  On February 10, 2005, Trans-Print filed a counterclaim against BBH alleging tortious interference with contractual relationships between Trans-Print and its customers.  *See* Counter Compl. pp.

2-3.  On March 2, 2005, BBH filed a motion to dismiss Trans-Print's counterclaim on three

independent grounds: (i) the only tortuous conduct identified in the counterclaim is BBH's

initiating and litigating the instant matter, (ii) the counterclaim is time barred because it is

compulsory under Rule 13(a) of the Federal Rules of Civil Procedure, and (iii) the counterclaim

fails to allege an essential element of tortious interference with contractual relationships.  *See*

BBH's Mot. to Dis., pp. 2-8.  Trans-Print's response to BBH's motion to dismiss was due on or

about March 21, 2005.  Trans-Print, however, has not filed an opposition to BBH's motion.

<u>STANDARD OF REVIEW</u>

BBH seeks to dismiss Trans-Print's counterclaim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.  As the

legal sufficiency of the counter complaint is challenged under a Rule 12(b)(6) motion, the court

assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be

proved, consistent with the complaint's allegations."  *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*

*P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73

(1984)).  A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-

pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot

prove any set of facts in support of his claim entitling him to relief."  *Migdal v. Rowe Price-*

*Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001)  Furthermore, the "Federal Rules of Civil

procedure do not require a claimant to set out in detail the facts upon which he bases his claim."

*Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) of the Federal Rules of Civil

Procedure requires only a "short and plain statement of the claim showing that the pleader is

entitled to relief."  *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S.

506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of

Rule 8(a)).

In reviewing the counter complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  The court must disregard the contrary allegations of the opposing party.  *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969).  However, "[t]he court need not, however, accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papason v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979)."  *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578 (D. Md. 2004).  The court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *Eastern Shore Mkts., Inc.,* 213 F.3d at 180.

## DISCUSSION

BBH's primary argument is that the *Noerr-Pennington* doctrine bars Trans-Print's counterclaim.  As the Fourth Circuit explained:

> The *Noerr-Pennington* doctrine grants First Amendment immunity to those who engage in petitioning activity.  This includes the pursuit of litigation and, although originally developed in the antitrust context, the doctrine has now universally been applied to business torts.  The application of *Noerr-Pennington* is a question of law.

*IGEN Int'l, Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 310 (4th Cir. 2003) (citations omitted).  *Noerr-Pennington* immunity, however, is subject to an exception for "sham" litigation.  The sham exception requires the allegedly tortious litigation to be "objectively baseless in the

sense that no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 60 (1993). "Then, 'only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation.' Thus, even litigation that is deceitful, underhanded, or morally wrong will not defeat immunity unless it satisfies the objective baselessness requirement." *IGEN Int'l*, 335 F.3d at 312 (citations and quotations omitted).

This Court's analysis begins and ends with Trans-Print's counter complaint. The only BBH conduct identified in that document is as follows:

> That on/or about October 22, 2004, [BBH] did, without just cause or right did [sic] institute litigation in the United States District Court for the District of Maryland for the sole purpose and intent of deliberately interferring [sic] with the contractual relationship by and between [Trans-Print] and its various customer [sic]. Additionally, [BBH] did engage in a pattern of excessive and unnecessary legal proceedings solely designed to economically cripple [Trans-Print] with the intention of coercing a forced surrender of [Trans-Print]. All to the detriment of [Trans-Print] and to the direct financial benefit of [BBH].

Counter Compl. pp. 2-3. The conduct described above is limited to initiating and litigating the instant suit. Trans-Print's counter complaint, moreover, fails to allege that BBH's lawsuit is objectively baseless in the relevant sense and, as a result, the Court cannot inquire into BBH's subjective motivation for filing this lawsuit. *See* Counter Compl.; *see also Prof'l Real Estate Investors*, 508 U.S. at 60 ("Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation."). This Court therefore holds that the sham exception does not apply and that the *Noerr-Pennington* doctrine immunizes BBH from business tort liability arising from this litigation. Furthermore, this Court considered the likelihood of success of certain of BBH's claims in its December 2, 2004, Memorandum Opinion. *See* Mem. Opinion, 12/2/04, pp. 14-24, *aff'd*, No. 04-2539 (4th Cir. May 25, 2005) (unpublished). There is simply no basis for alleging

4

that BBH's litigation is a sham or objectively meritless.  *See*, *e.g.*, *Eden Hannon & Co. v. Sumitomo Trust & Banking Co.*, 914 F.2d 556, 565 (4th Cir. 1990) ("If a litigant can persuade a neutral judge or jury that it is entitled to legal relief from the conduct of another based upon the law and facts, that suit cannot be a sham under the *Noerr-Pennington* doctrine.").  The Court notes, however, that its holding in this Opinion is based on Trans-Print's counter complaint and nothing more.  Accordingly, Trans-Print's counterclaim will be dismissed under Rule 12(b)(6).[1]

CONCLUSION

For the reasons stated above, Plaintiff's Motion to Dismiss Counterclaim is GRANTED and Trans-Print's Counterclaim is DISMISSED WITH PREJUDICE.  A separate Order follows.


Dated: August 26, 2005                          /s/_____
                                                Richard D. Bennett
                                                United States District Judge

---

[1]      BBH provides two additional, independent grounds for dismissing Trans-Print's counterclaim.  First, BBH argues that the counterclaim is time barred because it is compulsory under Rule 13(a) of the Federal Rules of Civil Procedure yet was not timely asserted in Trans-Print's answer.  *See* BBH's Mot. to Dis., p. 7.  Second, BBH argues that Trans-Print's counter complaint fails to allege an essential element of the claim of tortious interference with contractual relations, namely that a single contract was breached.  *See* BBH's Mot. to Dis., p. 8. The Court does not reach these arguments because the application of the *Noerr-Pennington* doctrine is clear.